**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HESS OIL VIRGIN ISLANDS CORPORATION AND
SUBSIDIARIES,                                                :

               Petitioner,                    :

            - v -                                :  Civ. No. 2015-_____

DIRECTOR, VIRGIN ISLANDS BUREAU OF       :
INTERNAL REVENUE,

                              :

               Respondent.                    :

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PETITION CHALLENGING NOTICE OF TAX DEFICIENCY**

       Hess Oil Virgin Islands Corporation and Subsidiaries ("HOVIC" and, collectively

with the members of its U.S. Virgin Islands tax consolidated group, "Petitioner"), hereby

petitions for a redetermination of the deficiency in income tax for the taxable year ended

December 31, 2008 (the "2008 Tax Year"), set forth by the Director of the Virgin Islands Bureau

of Internal Revenue ("Respondent") in Respondent's Notice of Deficiency dated December 30,

2014 (the "Notice of Deficiency").  In addition, Petitioner seeks a refund of an overpayment of

taxes of approximately $51 million that Petitioner paid as estimated taxes for the 2008 Tax Year

and to which Petitioner is entitled, plus interest thereon as provided by law.  As the basis for this

case, Petitioner alleges as follows:

       1.     <u>Jurisdiction</u>.  This Court has subject matter jurisdiction pursuant to 48 U.S.C.

§ 1612(a), as this is a civil proceeding with respect to the income tax law of the Virgin Islands of

the United States.  This action is for the redetermination of income tax under Rule 71A.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands.

2.    Petitioner.  HOVIC, a corporation formed under the laws of the U.S. Virgin Islands, is a wholly-owned subsidiary of Hess Corporation, an oil and gas exploration and production company organized under the laws of the State of Delaware.  Since 1998, HOVIC has been a holding company.  As of the date of this petition, HOVIC's principal place of business is New York, New York.  HOVIC's mailing address for correspondence with the Bureau of Internal Revenue (the "BIR") is HOVIC c/o Bryant, Barnes & Moss LLP, 1134 King Street, 2nd Floor, Christiansted, Virgin Islands, 00822-4589.  On September 15, 2009, Petitioner timely filed Form 1120 for the 2008 Tax Year with the BIR at 4008 Estate Diamond Plot 7-B, Christiansted, VI 00820.  At all relevant times, HOVIC and PDVSA V.I., Inc. ("PDVSA") have each owned one-half of the outstanding member interests in  HOVENSA, LLC ("HOVENSA"), a joint venture between HOVIC and PDVSA established in 1998 to own and operate a refinery on St. Croix, U.S. Virgin Islands.  These member interests represent equal shares in HOVENSA's profits, losses, and capital.  HOVENSA is a limited liability company organized in the U.S. Virgin Islands and is classified as a partnership for income tax purposes under section 7701 of the Internal Revenue Code of 1986, as amended (the "Code").

3.    Notice of Deficiency and Procedural Background.  The Notice of Deficiency upon which this Petition is based is dated December 30, 2014, and was mailed on or about December 30, 2014, by the BIR Office on St. Thomas, VI.  A copy of the Notice of Deficiency with accompanying explanations and schedules is attached hereto and labeled as "Exhibit A."

\*       \*       \*       \*       \*

Due to the unusual procedural history of Respondent's examination of HOVENSA and HOVIC for the 2008 Tax Year, the following summary of that history is provided for the benefit of the Court:

(a)     On September 14, 2012, Respondent issued a Notice of Deficiency to Petitioner for the 2008 Tax Year (the "First Notice of Deficiency") in which Respondent proposed adjustments that would have resulted in Petitioner having a tax liability for the 2008 Tax Year of approximately $192 million and, after application of estimated tax payments of approximately $51 million, an income tax deficiency of approximately $141 million.

(b)     In the First Notice of Deficiency, Respondent proposed an increase in HOVENSA's 2008 income of approximately $948 million, and a disallowance of approximately $136 million in ordinary business losses.  As a result, Respondent proposed increasing HOVIC's flow-through income from HOVENSA to approximately $474 million and disallowing HOVIC's flow-through ordinary business loss from HOVENSA of approximately $69 million.

(c)     More than 85 percent of Respondent's proposed adjustments to HOVENSA's income for the 2008 Tax Year related to two adjustment items.  First, beginning in 2004, HOVENSA changed from a first-in, first-out ("FIFO") inventory method of accounting to a last-in, first-out ("LIFO") inventory method.  Respondent took the position that HOVENSA was required to follow certain procedures for obtaining the advance consent of Respondent to change its method of accounting and that, because HOVENSA had not followed those procedures, HOVENSA did not properly elect to use a LIFO inventory method.  According to Respondent, rejection of HOVENSA's LIFO

method resulted in a one-time adjustment pursuant to section 481(a) of the Code, increasing HOVENSA's 2008 income by exactly $366,000,000, fifty percent of which flowed through to HOVIC.

(d)     Second, Respondent proposed to disallow HOVENSA's deduction for cost of goods sold of approximately $564 million.  This proposed disallowance was based on Respondent's lack of understanding of HOVENSA's method for valuing purchases and determining the costs of goods sold from its refinery operations.

(e)     The remaining 15 percent of Respondent's proposed adjustments to HOVENSA's income for the 2008 Tax Year consisted of the proposed disallowance of HOVENSA's 2008 net operating loss of approximately $136 million, along with the proposed disallowance of certain other claimed business expenses deductions totaling approximately $18 million.

(f)     In addition to the flow-through adjustments from HOVENSA, the First Notice of Deficiency proposed to disallow HOVIC's deductions for certain interest expenses, depreciation, and other business expenses totaling approximately $25 million.

(g)     On November 13, 2012, HOVENSA and HOVIC provided a written response to Respondent addressing the two principal issues in the First Notice of Deficiency.  HOVIC and HOVENSA provided legal authority demonstrating that, to elect to use a LIFO method, HOVENSA was not required to follow the procedures for changing a taxpayer's method of accounting under which Respondent's prior approval was needed, and that HOVENSA had followed the correct procedures for electing to use a LIFO method.  Respondent subsequently agreed with this position.

(h)     With regard to the cost of goods sold adjustment, the response explained that HOVIC and HOVENSA could not understand the explanation provided by Respondent in the Form 886-A and could not determine Respondent's factual or legal basis for the proposed adjustment.

(i)     On November 15, 2012, representatives of HOVENSA, HOVIC, and PDVSA met with Respondent and further explained their position that the First Notice of Deficiency was unsupported and contained legal, substantive, and computational errors. HOVIC's and HOVENSA's representatives suggested that Respondent rescind the First Notice of Deficiency and obtain third-party advice regarding the issues raised in the examination.

(j)     On November 21, 2012, HOVENSA and HOVIC provided a written response to Respondent on the remaining proposed adjustments to HOVENSA's income for the 2008 Tax Year.

(k)     On December 11, 2012, Respondent rescinded its First Notice of Deficiency.  In connection with Respondent's rescission of its First Notice of Deficiency, Petitioner agreed to extend the time for Respondent to assess tax against HOVIC for the 2008 Tax Year until March 31, 2013 to allow Respondent to obtain third-party advice.

(l)     Thereafter, on information and belief, Respondent engaged the law firm of Winston & Strawn LLP ("Winston & Strawn") and the accounting firm of Grant Thornton LLP ("Grant Thornton") to assist Respondent with regard to the examination of the HOVENSA, HOVIC, and PDVSA returns for the 2008 Tax Year (the "BIR Examination").

(m)     As a result of Respondent's retention of Winston & Strawn and Grant Thornton, HOVIC agreed to a further extension of Respondent's time to assess tax against HOVIC for the 2008 Tax Year until December 31, 2013.

(n)     Grant Thornton conducted a full examination of the determination of HOVENSA's cost of goods sold.  Grant Thornton also examined HOVENSA's depreciation deductions for certain assets placed in service during 2005, and its bonus depreciation deductions taken in 2008.

(o)     In order to allow Grant Thornton to complete its examination, HOVIC agreed to further extensions of the time to assess tax against HOVIC for the 2008 Tax Year, with the last such extension given through December 31, 2014.

(p)     Representatives of HOVENSA and HOVIC worked closely with Grant Thornton on the examination.  As part of the examination, Grant Thornton reviewed HOVENSA's depreciation deductions and raised issues regarding HOVENSA's claim of bonus depreciation.   HOVENSA's representatives eventually agreed with Grant Thornton that HOVENSA's depreciation deduction for the 2008 Tax Year should be reduced by $158,368,853 and its depreciation deduction for Alternative Minimum Tax Income ("AMTI") purposes should be reduced by $24,615,170, with those adjustments flowing through to the HOVENSA partners.

(q)     In connection with Grant Thornton's examination of the cost of goods sold, the HOVENSA and HOVIC representatives concluded from their discussions and meetings with Grant Thornton that Grant Thornton understood HOVENSA's method for valuing purchases and determining the costs of goods sold from its refinery operations and that it had, or had been given access to, all documents and information it needed for

its examination. Unlike the depreciation issue, Grant Thornton did not raise any issues or propose any adjustments with regard to the cost of goods sold.

(r) Thereafter, Grant Thornton provided a report of its examination of HOVENSA to Respondent dated November 25, 2014. On information and belief, Winston & Strawn also provided a report to Respondent on certain issues related to the HOVIC examination.

(s) On information and belief, in or about December 2014, Respondent terminated its arrangement with Grant Thornton and Winston & Strawn with regard to the examination of HOVENSA's and HOVIC's 2008 Tax Year.

(t) On December 17, 2014, Respondent's Tax Accountant and Senior Auditor held a video conference with HOVENSA's and HOVIC's representatives and presented Respondent's proposed adjustments resulting from the now completed examination of HOVENSA's 2008 Tax Year. In connection with the presentation, Respondent provided the representatives with a Form 4605-A along with "Attachment A Itemized List of Adjustments HOVENSA, LLC, 1065/2008" ("HOVENSA 2008 Form 4605-A"). A copy of the HOVENSA 2008 Form 4605-A is attached hereto and labeled as "Exhibit B."

(u) Item C of Attachment A of the HOVENSA 2008 Form 4605-A included the depreciation adjustment of $158,368,853 to which HOVENSA's and HOVIC's representatives had agreed with Grant Thornton. The HOVENSA 2008 Form 4605-A also contained a substantial adjustment with respect to HOVENSA's cost of goods sold, proposing to decrease HOVENSA's cost of goods sold by approximately $725 million. During the conference, Respondent represented that this adjustment was largely based on

HOVENSA having taken double deductions on its tax returns for operating expenses totaling approximately $720 million.

(v)     During the examination, Grant Thornton had not raised any potential adjustments with respect to HOVENSA's cost of goods sold, including any adjustment based on HOVENSA having taken double deductions for operating expenses for the 2008 Tax Year.  During the conference, HOVIC's representative asked if the proposed $725 million cost of goods sold adjustment had been discussed with Grant Thornton. Respondent's Tax Accountant and Senior Auditor responded that Grant Thornton does not audit for the BIR and is not the BIR's expert.

(w)     On December 30, 2014, Respondent issued its second (current) Notice of Deficiency to Petitioner for the 2008 Tax Year, which proposes nearly the same amount of adjustments as in the First Notice of Deficiency that Respondent had rescinded two years earlier in December 2012.  The current Notice of Deficiency proposes adjustments that would result in Petitioner having a tax liability for the 2008 Tax Year of approximately $249 million (including $64 million in unexplained additional alternative minimum tax liability) and, after application of estimated tax payments, an income tax deficiency of approximately $198 million.

(x)     Like the First Notice of Deficiency, the current Notice of Deficiency is based largely on a proposed increase in HOVENSA's 2008 income of approximately $905 million, and a disallowance of HOVENSA's ordinary business loss of approximately $136 million.  As a result, the current Notice of Deficiency increases HOVIC's flow-through income from HOVENSA to approximately $452 million and

disallows HOVIC's flow-through ordinary business loss from HOVENSA of approximately $68 million.

(y)     Respondent's current Notice of Deficiency no longer includes its proposed $366 million increase in HOVENSA's income based on HOVENSA's 2004 change from the FIFO to the LIFO inventory method, but does include the $158,368,853 depreciation adjustment to which HOVENSA and HOVIC agreed with Grant Thornton.

(z)     Respondent's current Notice of Deficiency also includes a proposed adjustment to HOVENSA's cost of goods sold of approximately $725 million. As was the case with the First Notice of Deficiency, Respondent provides no discernible explanation for this proposed adjustment, or the approximately $160 million increase in this adjustment as compared to the First Notice of Deficiency.

(aa)    The remaining HOVENSA flow-through and HOVIC adjustments in the current Notice of Deficiency mirror in substantial part the adjustments contained in the First Notice of Deficiency.

(bb)    Respondent is charged with conducting fair and accurate examinations.

(cc)    Petitioner agreed to repeated extensions of Respondent's time to assess tax against HOVIC for the 2008 Tax Year, through December 30, 2014, on the understanding that such a fair and accurate examination was being conducted. During 2013 and 2014, Petitioner and HOVENSA cooperated fully in Grant Thornton's and Respondent's examination of the 2008 Tax Year on the basis that it would result in a fair and accurate conclusion with regard to Petitioner's taxable income for the 2008 Tax Year.

*       *       *       *       *

4. <u>Amounts in Dispute</u>.

(a) In the current Notice of Deficiency, Respondent asserts a deficiency in Petitioner's income tax liability for the 2008 Tax Year of $249,345,726, comprised of the following:

| Label in Current Notice of Deficiency | 2008 |
|---|---|
| Corrected Tax | $162,583,567 |
| Alternative Tax | $64,094,366 |
| Tax Surcharge | $22,667,793 |
| Corrected Tax Liability | $249,345,726 |

Petitioner disputes the entire deficiency asserted by Respondent.

(b) Additionally, Respondent determined additions to tax for a substantial understatement of tax pursuant to section 6662 of the Code in the amount of $49,869,145.20. All of the additions to tax are in dispute.

(c) The Court's determinations with respect to the assignments of error alleged in Paragraph 5, *infra*, may require redetermination of various correlative and computational adjustments made in the Notice of Deficiency in accordance with Tax Court Rule 155.

5. <u>Assignments of Error</u>. Respondent's determinations of taxes and additions to tax for the 2008 Tax Year, as set forth in the current Notice of Deficiency and a Form 886-A for HOVENSA's 2008 Tax Year dated December 17, 2014 ("HOVENSA 2008 Form 886-A"), attached hereto and labeled as "Exhibit C," are based upon the following errors:

(a)    Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA") Errors:

Respondent's errors included: (1) treating HOVENSA as a partnership not subject to

sections 6621 through 6234 of the Code (the "TEFRA Audit Procedures"); (2) not issuing

a Notice of Final Partnership Administrative Adjustment ("FPAA") to HOVENSA for

the 2008 Tax Year; and (3) adjusting Petitioner's 2008 Tax Year based on adjustments to

HOVENSA's partnership return prior to the issuance of an FPAA to HOVENSA for the

2008 Tax Year. The current Notice of Deficiency is thus invalid to the extent of any

Partnership Gain/Loss adjustments described, *infra*, in Paragraph 5(b).

(b)    HOVENSA Partnership Gain/Loss Errors: Respondent erred by including

ordinary business income of $521,145,310 from HOVENSA in Petitioner's taxable

income, comprised of the following errors:[1]

  i.   Partnership Cost of Goods Sold Errors: Respondent erred in disallowing

       HOVENSA's deduction claimed under section 162(a) of the Code for

       operating expenses in the amount of $720,717,090, in adjusting

       beginning inventory by $3,317,192, and in adjusting for a "math error"

       in the amount of $1,609,829.

  ii.  Partnership Cost of Labor Error: Respondent erred in disallowing

       HOVENSA's deduction claimed under section 162 of the Code for cost

       of labor in the amount of $13,899,612.

---

[1] Respondent's total adjustment in the current Notice of Deficiency relating to flow-through items from HOVENSA is $521,145,310, resulting from (1) disallowing Petitioner's distributive share of ordinary business loss of ($68,775,321) reported on HOVENSA's 2008 Schedule K-1, and (2) including $452,369,989 as Petitioner's distributive share of ordinary business gain.

iii. <u>Partnership Other Costs Error</u>:  Respondent erred in adjusting HOVENSA's other costs in the amount of $5,285,043.

iv. <u>Partnership Ending Inventory Error</u>:  As the result of its other errors, Respondent erred in adjusting HOVENSA's ending inventory in the amount of $6,912,343.

v. <u>Partnership Compensation Expense Error</u>:  Respondent erred in disallowing HOVENSA's deduction claimed under section 162 of the Code for employee compensation in the amount of $1,927,027 for the 2008 Tax Year.

vi. <u>Partnership Loan Commitment Fee Error</u>:  Respondent erred in disallowing HOVENSA's deductions claimed under section 162 of the Code for loan commitment fees in the amount of $593,550 for the 2008 Tax Year.

vii. <u>Partnership Capitalized Interest Error</u>:  Respondent erred in disallowing HOVENSA's deduction claimed under section 163 of the Code for interest in the amount of $13,608 for the 2008 Tax Year.

viii. <u>Partnership Employee Benefits Error</u>: Respondent erred in disallowing HOVENSA's deductions claimed under section 162 of the Code for employee benefits in the amount of $74,218 for the 2008 Tax Year.[2]

---

[2] Although not explained, on information and belief Respondent is disallowing location premium expenses in the amount of $1,822,098 and severance pay in the amount of $229,142. The adjustment of $74,218 shown on the HOVENSA Form 886-A appears to be the incorrectly calculated net of this $2,021,240 disallowance and the allowance of $1,977,022 of other employee benefits.

ix. Partnership Other Deductions Errors:  Respondent erred in disallowing HOVENSA's deductions claimed under section 162 of the Code for professional fees in the amount of $551,767, travel and lodging expenses in the amount of $133,194, supply expenses in the amount of $1,349,120, and miscellaneous expenses in the amount of $6,771,866 for the 2008 Tax Year.

x. Partnership 2007 Accruals Errors:  Respondent erred in disallowing HOVENSA's deductions claimed under section 162 of the Code for legal expenses in the amount of $612,029, business meals and entertainment expenses in the amount of $7,882, travel and lodging expenses in the amount of $89,596, professional fees in the amount of $2,718,201, miscellaneous expenses in the amount of $254,610, supply expenses in the amount of $741,766, repairs and maintenance expenses in the amount of $1,942,261, demurrage in the amount of $1,479,521, and purchases in the amount of $2,405,147 for the 2008 Tax Year.

xi. Partnership Net Operating Loss Error:  Respondent erred in disallowing HOVENSA's net operating loss in the amount of $135,922,125 by incorrectly adding it as a positive adjustment to taxable income when calculating the total adjustments to HOVENSA's taxable income of $1,040,662,103.

xii.  <u>Partnership Penalty Errors</u>:

> 1. Respondent erred in determining that an accuracy-related penalty under section 6662 of the Code is applicable to HOVENSA.
>
> 2. Respondent erred in stating that HOVENSA's return preparer "may" also be subject to the preparer penalty under section 6694 of the Code.

(c)  <u>Petitioner Payroll Tax Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 162(a) of the Code for payroll tax expense in the amount of $10,594 for the 2008 Tax Year.

(d)  <u>Petitioner Interest Expense Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 163(a) of the Code for interest expense in the amount of $24,373,130 for the 2008 Tax Year.

(e)  <u>Petitioner Depreciation Expense Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 167 of the Code for depreciation expense in the amount of $661,914 for the 2008 Tax Year.

(f)  <u>Petitioner Other Deductions Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 162 of the Code for other deductions in the amount of $442,506 for the 2008 Tax Year.

(g)  <u>Petitioner Charitable Contributions Error</u>:  Respondent erred by disallowing deductions claimed by Petitioner under section 170 of the Code for charitable contributions in the amount of $789,352 that were carried forward to the 2009 tax year.

(h)    <u>Petitioner Alternative Tax Error</u>:  Respondent erred in asserting an additional alternative tax liability in the amount of $64,094,366 for the 2008 Tax Year. Respondent has not cited any statutory basis or provided any explanation for this adjustment.

(i)    <u>Petitioner Tax Surcharge Error</u>:  Respondent erred in asserting what it characterizes as a "tax surcharge" in the amount of $22,667,793 in determining the deficiency amount for the 2008 Tax Year.  Respondent has not cited any statutory basis for this surcharge or provided any explanation for this adjustment.

(j)    <u>Petitioner Penalty Errors</u>:  In connection with the errors described in Paragraphs 5(a)-(h), Respondent erred by asserting substantial understatement of tax penalties totaling $49,869,145.20 pursuant to section 6662 of the Code.

6.    <u>Supporting Facts</u>.  The facts upon which Petitioner relies as the basis for its case are as follows:

**TEFRA Determination**

(a)    HOVENSA is a limited liability company organized in the U.S. Virgin Islands and is classified as a partnership for income tax purposes under section 7701 of the Code.

(b)    HOVENSA is a partnership that filed a statement with its Form 1065 for the tax year ending December 31, 1999, electing to apply the TEFRA Audit Procedures to HOVENSA effective for its tax year ending on December 31, 1998 (the "1998 Tax Year") and all future tax years, attached hereto and labelled as "Exhibit D."  This election statement complied with the requirements of section 6231(a)(1)(B)(ii) of the Code, and is irrevocable without the consent of the Director of the BIR.

(c)     As a result of this election made for the 1998 Tax Year and all future years, HOVENSA was subject to the TEFRA Audit Procedures for the 2008 Tax Year.

(d)     The Code and Treasury Regulations provide that every partnership subject to the TEFRA Audit Procedures have a tax matters partner that is the primary representative of the partnership when dealing with the BIR (the "Tax Matters Partner").

(e)     HOVENSA designated HOVIC as the Tax Matters Partner for the 2008 Tax Year by entering HOVIC's name, address, and EIN in the space provided for such designation at the bottom of page 3 of HOVENSA's 2008 Form 1065.

(f)     As a result of its election into the TEFRA Audit Procedures and the designation of HOVIC on HOVENSA's Form 1065 for the 2008 Tax Year, HOVIC was the Tax Matters Partner of HOVENSA for the 2008 Tax Year.

(g)     On page 3 of its 2008 Form 1065, HOVENSA mistakenly checked "no" in response to question #5 "Did the partnership file Form 8893, Election of Partnership Level Tax Treatment, or an election statement under section 6231(a)(1)(B)(ii) of the Code for partnership-level tax treatment, that is in effect for this tax year?"

(h)     Respondent's Form 886-A, dated December 17, 2014, states that it is not treating HOVENSA as subject to the TEFRA Audit Procedures "based on the information received from the taxpayer before the examination started," and because the submission of the election statement to apply the TEFRA Audit Procedures "was received after the completion of the audit and the official closing conference."

(i)     Respondent received the election statement attached as Exhibit D with HOVENSA's 1999 Form 1065 filed in August of 2000, which was prior to the start of the 2008 examination.

(j)     On August 24, 2012, HOVENSA again provided Respondent with a copy of Exhibit D.

(k)     Respondent did not complete its audit of HOVENSA's 2008 Tax Year until December 2014, and provided Petitioner with the HOVENSA 2008 Form 4605-A and the HOVENSA 2008 Form 886-A dated December 17, 2014.

(l)     Respondent has not followed the TEFRA Audit Procedures, including because it has not issued an FPAA to HOVENSA for the 2008 Tax Year, and thus the Notice of Deficiency issued to Petitioner is untimely as to any HOVENSA partnership items.

(m)     The time for Respondent to assess any tax against Petitioner attributable to partnership items for the 2008 Tax Year expired on December 31, 2014.

**Petitioner's 2008 Tax Year**

(n)     Petitioner timely filed its 2008 Form 1120 income tax return with Respondent, reporting Taxable Income / (Loss) on line 30 of ($82,108,977).

(o)     Petitioner paid estimated taxes of $48,800,000 for the 2008 Tax Year and was entitled to a credit for overpayments in its 2007 tax year of $2,336,502.

(p)     Petitioner received a 2008 Schedule K-1 from HOVENSA reflecting Petitioner's share of an ordinary business loss in the amount of ($68,775,321).

(q)     Subsequent to filing its 2008 Form 1120 and prior to the issuance of the current Notice of Deficiency, Petitioner and Grant Thornton agreed to certain adjustments to Petitioner's taxable income in connection with Respondent's audit of the 2008 Tax Year.  The below adjustments would apply only if the Court determines that HOVENSA was not subject to the TEFRA Audit Procedures for the 2008 Tax Year.

i. an increase in taxable income of $79,184,427 and an increase in AMTI of $12,307,585 resulting from a change in method of accounting of HOVENSA in the 2008 Tax Year for depreciation deductions claimed with respect to certain assets, and corresponding adjustment under section 481 of the Code;

ii. an increase in taxable income of $1,770,384 and a decrease in AMTI of $1,327,788 resulting from a change in computation of ending inventory and cost of goods sold for HOVIC's 2008 Tax Year under the LIFO inventory method;[3] and

iii. a decrease in taxable income of $360,292 resulting from a change in HOVENSA's application of section 263A of the Code to determine HOVENSA's cost of goods sold for the 2008 Tax Year.

(r)     If the Court determines that HOVENSA was not subject to the TEFRA Audit Procedures for the 2008 Tax Year and these adjustments were incorporated, Petitioner's regular net operating losses for the 2008 Tax Year would be ($1,514,458).

**Partnership Cost of Goods Sold**

(s)     Respondent has not provided any factual support for or explanation of the adjustment it characterizes as relating to a "math error on roll forward sheet" in the amount of $1,609,829.

---

[3] This amount reflects Respondent's determination labeled "Beginning Inventory – January 1st (LIFO Adj)" on the Form 886-A for HOVENSA's 2008 Tax Year, dated December 17, 2014.

(t)     HOVENSA incurred operating expenses in the 2008 Tax Year of $720,717,090, which it correctly reported on its 2008 Form 1065 and for which it claimed a deduction under section 162 of the Code.

(u)     HOVENSA did not duplicate this deduction by including operating expenses in cost of goods sold.

(v)     In computing and reporting its income for 2008, HOVENSA was required to subtract its cost of goods sold from its gross receipts to determine and report its gross income from sales of inventory.  In its business of producing refined petroleum products for sale to customers, HOVENSA incurred significant costs that were required by law to be included in the cost of its inventory.  These costs included, without limitation, raw materials, direct and indirect labor, supplies, and depreciation and amortization.

(w)     HOVENSA prepared financial statements for 2008 based on an inventory method of calculating cost of goods sold.

(x)     HOVENSA's independent auditor, Ernst & Young, audited HOVENSA's 2008 financial statements and provided an unqualified opinion certifying that those financial statements conformed to generally accepted accounting principles.

(y)     HOVENSA's 2008 tax return, including the cost of goods sold, was based on and reconciled to HOVENSA's audited financial statements.

**Partnership Cost of Labor**

(z)     HOVENSA incurred cost of labor expenses in the amount of $13,899,612, in the 2008 Tax Year which it properly included in cost of goods sold.

(aa)    HOVENSA's books and records substantiate the $13,899,612 cost of labor expenses.

**Partnership Other Costs**

(bb)     HOVENSA incurred total expenses for oil spill tax crude and oil spill tax production in the amount of $8,614,569 in the 2008 Tax Year.

(cc)     HOVENSA's books and records substantiate the $8,614,569 oil spill tax crude and oil spill tax production expenses.

**Partnership Ending Inventory**

(dd)     The proposed adjustment to ending inventory of $6,912,343 is a result of Respondent's errors set forth at paragraphs 5(b)(i) – (iii).

**Partnership Compensation Expense**

(ee)     HOVENSA incurred compensation expenses in the amount of $1,927,027 in the 2008 Tax Year.

(ff)     For purposes of U.S. Virgin Islands income tax, HOVENSA is a partnership pursuant to sections 7701 and 761 of the Code.

(gg)     Section 162(m) of the Code regarding employee compensation in excess of $1 million is limited to publicly held corporate taxpayers, and thus does not apply to HOVENSA.

(hh)     The employee whose compensation is in question was not a covered employee within the meaning of section 162(m) of the Code.

(ii)     For the 2008 Tax Year, the deduction for employee compensation was ordinary and necessary pursuant to section 162 of the Code.

(jj)     For the 2008 Tax Year, the employee compensation was reasonable in amount pursuant to section 162 of the Code.

**Partnership Loan Commitment Fee**

(kk)     For the 2008 Tax Year, HOVENSA incurred daily commitment fees to J.P. Morgan to have funds available each day on a stand-by basis for HOVENSA to borrow at its option.

(ll)     HOVENSA paid the commitment fees quarterly in arrears and correctly calculated the fees as a fixed percentage of the amount of funds in a certain revolver account that HOVENSA elected not to withdraw (*i.e.*, borrow).

(mm)   HOVENSA properly reported on its 2008 Form 1065 the daily commitment fees attributable to days on which it did not exercise its option to withdraw funds, and properly claimed a deduction for those daily commitment fees under Code sections 162 or 165.  The aggregate amount of the fees deducted was $593,550.

(nn)     The daily commitment fees were ordinary and necessary business expenses pursuant to section 162 of the Code.

(oo)     HOVENSA's books and records substantiate the $593,550 of daily commitment fees deducted.

**Partnership Capitalized Interest Expense**

(pp)     The proposed $13,608 capitalized interest adjustment does not relate to any amount of capitalized interest for which HOVENSA claimed a deduction on its return for the 2008 Tax Year.

**Partnership Employee Benefits**

(qq)     HOVENSA incurred location premium expenses of $1,822,098 and severance pay of $229,142 for the 2008 Tax Year.

(rr)     HOVENSA properly reported these expenses on its 2008 Form 1065 and properly claimed a deduction under section 162(a) of the Code.

(ss)     Section 132 of the Code does not apply to either location premium expenses or severance pay, as neither are "fringe benefits" as defined under such section.

(tt)     The location premium expenses and severance pay were ordinary and necessary business expenses pursuant to section 162 of the Code.

(uu)     The location premium expenses and severance pay were reasonable in amount pursuant to section 162 of the Code.

(vv)     HOVENSA's books and records substantiate the location premium expenses of $1,822,098 and the severance pay of $229,142.

**Partnership Other Deductions**

(ww)   HOVENSA incurred expenses for professional fees in the amount of $551,767, travel and lodging expenses in the amount of $133,194, supply expenses in the amount of $1,349,120, and miscellaneous expenses in the amount of $6,771,866 for the 2008 Tax Year.

(xx)     HOVENSA properly reported these expenses on its 2008 Form 1165, and properly claimed deductions under section 162(a) of the Code.[4]

---

[4] Subsequent to filing its return for the 2008 Tax Year, HOVENSA discovered that it had inadvertently deducted professional fees of $551,767 twice in 2008. HOVENSA explained this adjustment to the examining agent during the audit. To correct the double deduction, HOVENSA reduced its deductible expenses in 2009 by $551,767. If an adjustment is made to disallow the $551,767 for the 2008 Tax Year, HOVENSA should be permitted a corresponding negative adjustment of $551,767 with respect to its 2009 return.

(yy)    HOVENSA's books and records substantiate the travel and lodging expenses of $133,194, supply expenses of $1,349,120, and miscellaneous expenses of $6,771,866.

**Partnership 2007 Accruals**

(zz)    HOVENSA properly accrued liabilities on its tax returns in accordance with the accrual method of accounting and properly deducted those expenses on its returns for the taxable year of accrual.

(aaa)    When an expense for a taxable year was invoiced after the close of that taxable year, HOVENSA reversed the previous accrual and recorded a new accrual of the amount on the invoice in the year the invoice was received and paid.

(bbb)    The reversal of the previous year's accrual in conjunction with the new accrual ensured that only the difference, if any, between the previous year's accrued deduction and the invoice amount paid in the current year was reported and thus deducted (or included) on the current year tax return.  Thus, when an invoice was paid in the current year for an expense accrued in the prior year, the total deduction over the two year period was not more than the actual expense invoiced.

(ccc)    HOVENSA paid the following expenses invoiced in the 2008 Tax Year: legal expenses in the amount of $612,029, business meals and entertainment expenses in the amount of $7,882, travel and lodging expenses in the amount of $89,596, professional fees in the amount of $2,718,201, miscellaneous expenses in the amount of $254,610, supply expenses in the amount of $741,766, repairs and maintenance expenses in the amount of $1,942,261, demurrage in the amount of $1,479,521, and purchases in the amount of $2,405,147.

(ddd)   HOVENSA had previously accrued and deducted liabilities for these expenses in 2007 at the time when the amounts of those expenses had become fixed and determinable with reasonable accuracy, and economic performance for each expense had occurred, pursuant to section 461 of the Code.  When the expenses were paid in 2008, HOVENSA properly reversed its previous accruals for these expenses.

(eee)   As a result, on its 2008 Form 1065, HOVENSA properly reported and claimed deductions only to the extent that amounts of the expenses paid in 2008 exceeded the amounts accrued and deducted in 2007.

(fff)   HOVENSA's books and records substantiate the $10,251,013 of expenses disallowed by Respondent.

### Partnership Net Operating Loss

(ggg)   HOVENSA reported a net operating loss in the amount of $135,922,125 on its 2008 Form 1065.

(hhh)   Respondent computed total adjustments to HOVENSA's taxable income in the amount of $1,040,662,103.

(iii)   Respondent's total adjustments of $1,040,662,103 included the net operating loss in the amount of $135,922,125 as a separate adjustment increasing HOVENSA's income.

(jjj)   Respondent's inclusion of the net operating loss in the adjustment to income resulted in an overstatement of the total adjustments.

### Petitioner Payroll Tax

(kkk)   Petitioner incurred expenses for payroll taxes in the amount of $10,594 for the 2008 Tax Year.

(lll)     Petitioner properly reported these payroll tax expenses on its 2008 Form 1120, and properly claimed a deduction under section 162(a) of the Code.

(mmm)Petitioner's books and records substantiate the $10,594 of payroll taxes claimed for the 2008 Tax Year.

**Petitioner Interest Expense**

(nnn)   Petitioner incurred expenses for interest payments in the amount of $24,373,130 for the 2008 Tax Year.

(ooo)   Petitioner properly reported these interest expenses on its 2008 Form 1120, and properly claimed a deduction under section 163(a) of the Code.

(ppp)   Petitioner's books and records substantiate the $24,373,130 of interest expenses claimed for the 2008 Tax Year.

**Petitioner Depreciation Expense**

(qqq)   Petitioner incurred expenses for depreciation expense in the amount of $661,914 for the 2008 Tax Year.

(rrr)    Petitioner properly reported this depreciation expense on its 2008 Form 1120, and properly claimed a deduction under section 167 of the Code.

(sss)    Petitioner's books and records substantiate the $661,914 of depreciation expenses claimed for the 2008 Tax Year.

**Petitioner Other Deductions**

(ttt)    Petitioner incurred expenses for other miscellaneous expenses in the amount of $442,506 for the 2008 Tax Year.

(uuu)   Petitioner properly reported these other miscellaneous expenses on its 2008 Form 1120, and properly claimed a deduction on Line 26 of the 2008 Form 1120 under section 162 of the Code.

(vvv)   Petitioner's books and records substantiate the $442,506 of miscellaneous expenses claimed as other deductions for the 2008 Tax Year.

**Petitioner Charitable Contributions**

(www) Petitioner incurred expenses for charitable contributions in the amount of $789,352 for the 2008 Tax Year.

(xxx)   Petitioner properly reported these expenses on its 2008 Form 1120.

(yyy)   Because Petitioner incurred a net operating loss in the 2008 Tax Year, Petitioner carried forward all $789,352 of expenses for charitable deductions to the 2009 Tax Year.

(zzz)   Petitioner's books and records substantiate the $789,352 of charitable contribution expenses incurred in the 2008 Tax Year.

**Assertion of Additional Alternative Tax**

(aaaa)  Petitioner properly reported its alternative tax liability on its 2008 Form 1120.

(bbbb) Respondent has not provided any legal or factual support for its adjustment to alternative tax, or explained how it determined the amount of its adjustment to alternative tax.

**Assertion of Tax Surcharge**

(cccc)  Petitioner has no income tax liability for the 2008 Tax Year on which any "tax surcharge," including any U.S. Virgin Islands tax surcharge, is properly applicable.

(dddd)  Respondent has not identified the nature of the tax surcharge it is asserting, provided any legal or factual support for the tax surcharge, or explained how it determined the amount of the tax surcharge.

**Assertion of Penalties**

(eeee)  Respondent has not provided any factual support for or explanation of the grounds for asserting any specific penalty against HOVENSA.

(ffff)    HOVENSA properly reported all items of income, loss, deduction, and credit on its 2008 Form 1065.  The penalties and additions to tax asserted by the BIR against HOVENSA are thus invalid.

(gggg) HOVENSA's tax positions for the 2008 Tax Year were supported by substantial authority and were adequately disclosed.

(hhhh) HOVENSA had a reasonable basis for its income tax reporting position for the 2008 Tax Year.

(iiii)    Respondent has not provided any factual support for or explanation of the grounds for asserting any specific penalty against Petitioner.

(jjjj)    Petitioner properly reported the income and losses resulting from its distributive share of ordinary business loss from HOVENSA, and all other income, expenses, and deductions on the Form 1120 filed for the 2008 Tax Year.  The penalties and additions to tax asserted by the BIR against Petitioner are thus invalid.

(kkkk) Petitioner's tax positions for the 2008 Tax Year were supported by substantial authority and were adequately disclosed.

(llll)   Petitioner had a reasonable basis for its income tax reporting position for the 2008 Tax Year.

**Affirmative Defense:  Statute of Limitations**

(mmmm)        As stated above in Paragraphs 6(l) and (m), assessments with respect to any tax against Petitioner attributable to partnership items of HOVENSA are time-barred by the applicable statute of limitations.

**Affirmative Claim:  Overpayment**

(nnnn) HOVIC overpaid its income tax liabilities for the 2008 Tax Year.  When Respondent's errors are corrected, HOVIC's correct income tax liability for the 2008 Tax Year is zero.  Alternatively, in the event the Court determines that HOVENSA was not subject to the TEFRA Audit Procedures for the 2008 Tax Year and the adjustments described in Paragraph 6(q) were incorporated, Petitioner's correct income tax liability for the 2008 Tax Year would still be zero.  HOVIC paid estimated taxes of $48,800,000 for the 2008 Tax Year and credited overpayments from 2007 of $2,336,502.  HOVIC therefore overpaid its income tax liability for the 2008 Tax Year by $51,136,502 or, in the alternative, by such greater or lesser amount as the Court determines, and HOVIC is entitled to a refund of that overpayment plus interest thereon as provided by law.

**WHEREFORE**, Petitioner prays that the Court:

1)        Determine that the assessment of any taxes against HOVIC attributable to the partnership items of HOVENSA for the 2008 Tax Year is time-barred and illegal;

2)      Declare the Notice of Deficiency to be invalid and of no legal effect to the extent of the partnership item adjustments described in Paragraph 5(b);

3)      Determine that there is no deficiency in income tax due from Petitioner for the 2008 Tax Year;

4)      Determine that none of the additions to tax asserted in the Notice of Deficiency are due from Petitioner for the 2008 Tax Year;

5)      Determine that no additional alternative tax is due from Petitioner for the 2008 Tax Year;

6)      Determine that no "surcharge" is due from Petitioner for the 2008 Tax Year;

7)      Determine that Petitioner is due a refund of $51,136,502 plus interest thereon for the 2008 Tax Year or, in the alternative, such greater or lesser amount as the Court determines; and

8)      Grant to Petitioner such other and further relief as the Court, in its discretion, deems just and proper.


Dated:  March 27, 2015          /s/ Alex Golubitsky                          
                                Alex Golubitsky (V.I. Bar No. 1269)
                                Law Office of Marjorie Rawls Roberts, P.C.
                                P.O. Box 6347
                                St. Thomas, U.S. Virgin Islands 00804
                                Tel. 340.776.7235
                                Fax. 340.776.7951

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HESS OIL VIRGIN ISLANDS CORPORATION AND
SUBSIDIARIES,                                                    :

                      Petitioner,                           :

                  - v -                                :  Civ. No._____

VIRGIN ISLANDS BUREAU OF INTERNAL                :
REVENUE,

                                 :

                    Respondent.                        :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>OWNERSHIP DISCLOSURE STATEMENT</u>

        Pursuant to Federal Rule of Civil Procedure 7.1, Hess Oil Virgin Islands

Corporation makes the following disclosure:

        A.      Petitioner is a wholly-owned subsidiary of Hess Corporation, a publicly held

entity.

Dated:  March 27, 2015        /s/ Alex Golubitsky_____
                                Alex Golubitsky (V.I. Bar No. 1269)
                                Law Office of Marjorie Rawls Roberts, P.C.
                                P.O. Box 6347
                                St. Thomas, U.S. Virgin Islands 00804
                                Tel. 340.776.7235
                                Fax. 340.776.7951