

# GOVERNMENT OF
## THE VIRGIN ISLANDS OF THE UNITED STATES
------0-------
### VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

| | |
|---|---|
| 6115 Estate Smith Bay, Suite 225 | 4008 Estate Diamond Plot 7 B |
| St. Thomas VI 00802 | Christiansted VI 00820-4421 |
| Phone: (340) 715-1040 | Phone: (340) 773-1040 |
| Fax: (340) 774-2672 | Fax: (340) 773-1006 |

### CERTIFIED RETURN RECEIPT REQUESTED

**Date: December 30, 2014**                                      **EIN/SSN:** ▮▮▮▮▮▮

**Hess Oil Virgin Islands Corp. & Subsidiaries**
**c/o Paul W. Oosterhuis**
**1440 New York Avenue NW**
**Washington, D.C. 20005**

**Last Date to File a Petition**
**with the U.S. District Court:**

**Tax Year(s) Ended: CY-2008**

_____**May 29, 2015**_____

**Deficiency; $198,209,224.00**

We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside the Virgin Islands) to file a petition with the United States District Court of the Virgin Islands for a re-determination of the deficiency. The District Court cannot consider your case if the petition is filed late. The petition is timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

The time you have to file the petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Bureau for more information, or receiving other correspondence from the Bureau will not change the allowable period for filing a petition with the District Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the District

Court, both must sign and filed the petition or each must file a separate, signed petition. If more than one year is shown above, you may file one petition form showing all of the years that you are contesting.

If you decide not to file a petition with the District Court, please sign the enclosed waiver form and return it to the Bureau. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

If you decide not to sign and return the waiver, and you do not file a petition with the District Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the Virgin Islands).

NOTE: If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

If you have questions about this letter, you may write or contact the undersigned. When writing, please include your telephone number and the best time to call if we need more information. If you prefer to call, please call the number on the top of page one and ask for extension 2249.

The undersigned can assess your tax information and help you get answers. You also have the right to contact the Office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established Bureau procedures such as the formal appeals process. The Taxpayer Advocate is not available to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file in the U.S. District Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact Marcella Somersall, Acting Taxpayer Advocate, at the above address, or by calling (340) 715-1040, ext. 2240.

Thank you for your cooperation.

Claudette J. Watson-Anderson, CPA
Director

By: _____

Tamarah Parson-Smalls, Esq.
Chief Counsel

Enclosures
/mn

**Type of Return:POST-FOD**

| Form 4549<br>(Rev. July 1992) | United States Virgin Islands - Bureau of Internal Revenue<br>**Income Tax Examination Changes** | | Return Form No.<br>1120 |
|---|---|---|---|

| Name and Address of Taxpayers:<br>HESS OIL VIRGIN ISLANDS CORP & SUBSIDIARIES<br>PO BOX 127<br>KINGSHILL VI  00851 | S.S. or E.I. Number | | Filing Status |
|---|---|---|---|
| | Person with<br>whom examination<br>changes were<br>discussed | Name and Title<br>Paul Oosterhuis | |

| | | | | |
|---|---|---|---|---|
| 1. | Adjustment to Income | YEAR:  2008 | | |
| a. | OTHER INCOME (Flow-through form ordinary income Hovensa 1065/'08) | 452,369,989.00 | | |
| b. | OTHER INCOME (Flow-through form ordinary loss Hovensa 1065/'08) | 68,775,321.00 | | |
| c. | TAXES & LICENSES | 10,594.00 | | |
| d. | INTEREST EXPENSES | 24,373,130.00 | | |
| e. | DEPRECIATION | 661,914.00 | | |
| f. | OTHER DEDUCTIONS | 442,506.00 | | |
| g. | CHARITABLE CONTRIBUTIONS CARRYFORWARD - $789,352.00 | | | |
| 2. | Total Adjustments | 546,633,454.00 | | |
| 3. | Adjusted Gross or Taxable Income Shown on Return or as Previously Adjusted | (82,108,977.00) | | |
| 4. | Corrected Adjusted Gross or Taxable Income | 464,524,477.00 | | |
| 5. | Corrected Tax | 162,583,567.00 | | |
| 6. | Alternative Tax, If Applicable | 64,094,366.00 | | |
| 7. | Tax surcharge | 22,667,793.00 | | |
| 8. | Corrected Tax Liability (Lessor of line 5 or 6 plus line 7) | 249,345,726.00 | | |
| 9. | Less     a | | | |
| | Credits  b. | | | |
| | c. | | | |
| 10. | Balance ( Line 8 less total 9a through 9c) | 249,345,726.00 | | |
| 11. | Plus         a. Tax From Recomp Prior Yr Investment Cr | | | |
| | Other Taxes  b. Self-Employment Tax | | | |
| | c. | | | |
| 12. | Total Corrected Tax Liability (Line 10 plus total of lines 11a through 11c) | 249,345,726.00 | | |
| 13. | Total Tax Shown on Return or as Previously Adjusted | 0.00 | | |
| 14. | Deficiency - (Increase in Tax before credit adjustments, Line 12 less line 13) | 249,345,726.00 | | |
| 15. | Overassessment (Decrease in tax before credit adjustments, Line 13 less line 12) | 0.00 | | |
| 16. | Adjustments to Prepayment Credits | 51,136,502.00 | | |
| 17. | Balance Due (Line 14 or 15 adjusted by line 16) | 198,209,224.00 | | |
| 18. | Overpayment (Line 14 or 15 adjusted by line16) | 0.00 | | |
| 19. | Estimated Tax Penalty, if any | 0.00 | | |
| 20 | Other Penalty, if any (Must specify Valid Code) | 49,869,145.20 | §6662 | <--Code |
| 21 | Other Penalty, if any (Must specify Valid Code) | | | <--Code |

Other Information:
Date Filed: 9/15/2009

| Examiner's Signature | District | Date<br>12/22/14 |
|---|---|---|

Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Bureau of Internal Revenue or to contest in the District Court of the Virgin Islands the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus any interest as provided by law. I understand that this report is subject to acceptance by the Director.

| NOTE: Attach<br>Power of Attorney<br>for Authorized<br>Representative | Signature of Officer | | Date |
|---|---|---|---|
| | Signature of Officer | | Date |
| | By: Authorized Representative | Title | Date |

Form **4549**

| Form **886-A**<br>(Rev. October 2011) | **EXPLANATION OF ITEMS** | Schedule number or exhibit |
|---|---|---|
| Name of taxpayer<br>Hess Oil Virgin Islands Corp & Subsidiaries | Tax Identification Number | Year/Period ended<br>2008 |

**Flow-through from Hovensa, LLC 1065/2008**
The flow-through positive income form the 50% partner (HOVENSA) for CY 2008, HOVICS income for CY 2008 has been changed, since changes have been made to correct total income for CY 2008 on HOVICS return. The main factor in this case is that flow-through income from HOVENSA is allowable to HOVICS according to IRC §701.
The agent has determined that for tax period 2008, HOVICS flow-through income from HOVENSA has been changed to $452,369,989.00. The agent has also determined that the flow-through loss of $68,775,321.00 from HOVENSA that was reported originally on HOVICS tax return was inaccurate based on the current audit as per IRC §701.

**Taxes & Licenses**
HOVICS did not provide satisfactory substantiation for taxes & licenses. General ledgers do not substantiate deduction in any audit. Information was requested and taxpayer failed to provide adequate substantiation to support such deduction. The agent has determined that for tax period 2008, HOVICS taxes & licenses to be disallowed in the amount of $10,594.00 as per IRC §162.

**Interest Expenses**
Interest expenses are not allowable based on general ledgers or excel spread sheets. Interest expenses are deductible based on general ledgers or excel spread sheets. Interest expenses are deductible based on indebtness while verifications of actual documents such as cancelled checks, money orders, credit and debt statements and bank drafts are made.
The agent has determined that interest expenses in the amount of $24,373,130 be disallowed on HOVICS' return for CY 2008 since they were not substantiated correctly and with the concerns of related party as per IRC §163(a).

**Depreciation**
The deduction for depreciation on HOVICS return must be substantiated with adequate records. General ledgers and excel spreadsheets show record keeping, but does not supports deductions. HOVICS failed to provide proper substantiation to support such deduction. The agent has determined that for CY 08, depreciation deduction in the amount of $661,914 is disallowed on HOVICS return as per IRC §168.

**Other Deductions**
HOVICS did not provide satisfactory substantiation for other deductions. General ledgers do not substantiate deduction in any audit. Information was requested and taxpayer failed to provide adequate substantiation to support such deduction. The agent has determined that for tax period 2008, HOVICS other deductions be disallowed in the amount of $442,506.00 as per IRC §162.

**Charitable Contributions**
Charitable contributions were not properly substantiated. There were not forms of actual payments to the charitable organizations. General ledgers and excel spread sheets show record keeping, but does not supports deductions. HOVICS failed to provide proper substantiation to support such deduction. Verifications of actual documents such as cancelled checks, money orders, credit and debt statements and bank drafts are some proof of payment to qualified charitable organizations. The agent has determined that for tax period 2008, charitable contributions from Sch M-1 have been disallowed and there is no carry over to 2009 as per IRC §170. This disallowance has no effect on income for CY 2008.

**Net Operating Loss for 2008**
For CY 2008, taxpayer did not provide adequate records to substantiate expenses deducted on return. Taxpayer and accountants should have knowledge of appropriate documents to support deductions. Information has been repeatedly requested and taxpayer failed to provide proper substantiation. Taxpayer is in the norm of providing Excel spread sheets and general ledgers to support deductions. A corporation in this capacity has to have good records. The agent has determined that for tax period 2008, HOVICS business operation did not incur an NOL sin the business deduction did not exceed income as per IRC § 172 (c) & (d).

**Penalties**
The accuracy related penalty (substantial understatement of income tax) in the amount of $49,869,145.20 was applied to the adjustments made to taxpayer 2008 1120 US Corporation Income Tax Return, due to the substantial understatement of income which was generated from the examination adjustments as per IRC § 6662.